UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

1. CHARLES R. TIESSEN AND
2. KENT HOOD,

    Plaintiffs,

vs.

CASE NO: CIV-17-762-D

1. PASTEUR MIDTOWN, LLC

    Defendant.
_____/

## COMPLAINT

Plaintiffs, Charles R. Tiessen and Kent Hood ("Plaintiffs") by and through the undersigned counsel, hereby file this Complaint and sue Pasteur Midtown, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Western District of Oklahoma pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Oklahoma.

3. Plaintiff, Charles R. Tiessen (hereinafter referred to as "Tiessen or Plaintiff") is

a resident of Oklahoma City, Oklahoma and is a qualified individual with a disability under the ADA.  Tiessen suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he is an amputee and T12 paraplegic and requires the use of a wheelchair for mobility and also has limited use of his upper extremities.  Prior to instituting the instant action, Tiessen personally and regularly visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA.  Tiessen continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. Plaintiff, Kent Hood (hereinafter referred to as "Hood or Plaintiff") is a resident of Oklahoma City, Oklahoma and is a qualified individual with a disability under the ADA.  Hood suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he suffers Charcot, Marie Tooth, a neurological disorder affecting his hands and feet, such that he requires the use of mobility aids and has limited use of his hands.  Prior to instituting the instant action, Hood personally and regularly visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA.  Hood continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

5. The Defendant, Pasteur Midtown, LLC, is a limited liability company

registered to do business and, in fact, conducting business in the State of Oklahoma. Upon information and belief, Pasteur Midtown, LLC (hereinafter referred to as "Pasteur") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically: Pasteur Medical Building located at 1111 N. Lee Avenue in Oklahoma City, Oklahoma (hereinafter referred to as "Building").

6. All events giving rise to this lawsuit occurred in the Western District of Oklahoma.

### COUNT I - VIOLATION OF THE ADA

7. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Building owned by Pasteur is a place of public accommodation in that it is a building operated by a private entity that houses professional service providers such as physicians as well as government offices, such as the State of Oklahoma's Office of Disability Concerns.

9. Defendant, Pasteur, has discriminated and continues to discriminate against the Plaintiffs, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Building in derogation of 42 U.S.C §12101 *et seq*.

10. The Plaintiffs have been unable to and continue to be unable to enjoy access to, and the benefits of the services offered at the Building owned by Pasteur. Prior to the filing

of this lawsuit, Plaintiffs personally and regularly visited the Building at issue in this lawsuit and were denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 12, below, that the Plaintiffs personally encountered.  In addition, Plaintiffs continue to desire and intend to visit the Building, but continue to be injured in that they are unable to and continue to be discriminated against due to the barriers to access which remain at the Building in violation of the ADA.  Plaintiffs have now and continue to have reasonable grounds for believing that they have been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12. Pasteur is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiffs as a result of *inter alia*, the following specific violations that Plaintiffs personally encountered:

   i. There is insufficient clear floor space provided at the entry to the Office of Disability Concerns at Suite 500 for both the latch, pull side entry and push side exit, for a wheelchair user to enter the suite independently.

   ii. Interior doors, such as the first-floor toilet room entry doors, for example, require excessive force to open such that a wheelchair user cannot independently operate the doors;

   iii. There are an insufficient number of accessible exits from the building; for example: the breezeway exit, the only ramped exit, has a ramp that is non-compliant, and the bridges to the parking garages do not meet accessible routing guidelines;

    iv.    No areas of refuge are provided for people with disability who cannot use an elevator in the event of an emergency;

    v.    The elevator door does not remain open long enough for wheelchair users, does not respond to the "door open" button and appears to have no functional sensors such that physical contact with closing elevator doors is the only means of keeping them open;

    vi.    The gap between the floor and the elevator car is too large and can trap a wheelchair users wheels;

    vii.    There are an insufficient number of wheelchair accessible parking spaces, van accessible parking spaces, and existing spaces designated as accessible lack required striping and signage and are not properly dispersed through the parking areas;

    viii.    Toilet rooms throughout the buildings contain barriers, including but not limited to, the lack of wheelchair accessible toilet stalls, toilet stalls that lack wheelchair turning radius and/or appropriate grab bars for a wheelchair user as necessary for a wheelchair user to transfer onto the water closet, toilet stall doors that open into the stall or which lack maneuvering clearances necessary for wheelchair users to enter or exit independently (or to be able to enter and close the doors, as well as dispensers such as soap, paper towel and toilet paper, that are located out of reach ranges of wheelchair users.

    ix.    The main entrance is the only entrance with a ramp (as mentioned above). The air barrier area has a recess that exceeds depth.

    x.    The accessible entrance for the DLO lacks sufficient maneuvering clearance for a wheelchair user to enter independently;

    xi.    There is a general lack of accessible signage. For example, that necessary for accessible parking, elevators, restrooms, and the like.

13.    There are other current barriers to access and violations of the ADA at the Building owned and operated by Pasteur that were not specifically identified herein as the Plaintiffs are not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiffs or Plaintiffs' representatives can all said violations be identified.

14. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Pasteur was required to make its Building, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Pasteur has failed to comply with this mandate.

16. Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to have their reasonable attorney's fees, costs and expenses paid by Pasteur pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiffs injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiffs demand judgment against Pasteur and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to

    undertake and complete corrective procedures;

D.  That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiffs; and

E.  That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 17th day of July 2017.

       Respectfully submitted,

       s/ David W. Lee
       David W. Lee, OBA 5333
       ***Riggs, Abney, Neal, Turpen,***
        ***Orbison & Lewis***
       528 NW 12th Street
       Oklahoma City, OK 73102
       Telephone: (405) 843-9909
       Facsimile: (405) 842-2913
       Email: dwlee@riggsabney.com

       Edward I. Zwilling
       Alabama Bar No.: ASB-1564-L54E
       ***Schwartz Roller & Zwilling***
       600 Vestavia Parkway, Suite 251
       Birmingham, Alabama 35216
       Telephone:  (205) 822-2701
       Facsimile:  (205) 822-2702
       Email:  ezwilling@szalaw.com
       (*motion pro hac vice pending*)